Morphy, J.
The petitioner, as curator of the estate of Chany Gatewood, sues to recover from the succession of John Graham, the amount of a twelve-months bond for five thousand dollars, with interest thereon, at five per cent per annum, from the 15th of June, 1838, subject to a credit of ($710, paid on the 2d day of August, 1839,) signed by William Nevels as principal, and by the said John Graham and Edward R. J. Allnutt, as sureties, in favor of William G. Milliken. He alleges that, on the 10th of July, 1838, the said William G. Milliken, for a valuable consideration, assigned and transferred to the deceased Chany Gate-wood, the judgment he had against William Nevels, and the bond given to secure it. That no part of this bond was ever paid by Nevels, except the amount credited on it; and that the said John Graham having bound himself, in solido, with the principal, Nevels, became liable for the balance due on this obligation to C. Gatewood, but that the curator, to whom the claim was presented, refuses to acknowledge it as ajustdebt against the estate. The defendant pleaded the general issue, and averred, that he had no knowledge of the genuineness of the signature of the deceased on the bond, or of its execution. The rest of the answer may be considered as a brief filed in the case; such parts of which will be hereafter noticed, as may appear material.* There was a judgment below for the plaintiff) and the defendant appealed.
The record shows, that William G. Milliken having obtained against William Nevels a judgment for $5000, levied an execution on a tract of land of his debtor, who, at the second exposure of the property for sale, bought it in, on the 15th of June, 1838, on a credit of twelve months, and furnished the bond which is now in suit. It appears that no act of sale was executed by the Sheriff to Nevels, who remained in possession of the property under the adjudication made to him. Having failed to pay the bond at its maturity, an execution was issued upon it, and the same property was sold, producing the net amount credited on the bond.
*208 The main points of defence set up in the answer, and made in this court, are:
1. That the signature of John Graham, on the bond, is not proved, and that this bond is not an authentic act, and does not prove itself when sued on as an evidence of debt.
2. That no act of sale was executed to Nevels by the Sheriff, nor any special mortgage retained upon the property; and that the sureties on their bond could not be subrogated to all the legal rights of the creditor, whereby they were discharged.
3. That the sale on the Ji. fa. was not legally made, as it is not proved by the Sheriff’s return, or otherwise, that the property was legally advertised, or any of the requisites of the law complied with.
4. That the plaintiff has no right to sue; that the bond was nev er transferred to Chany Gatewood by Milliken, nor is it certain that the judgment was; that the description in the transfer is too vague, and no consideration purports to have been paid, &c.
I. The bond purports to be signed by Wm. Nevels, John Graham, and Edward R. J. Allnutt, but the Sheriff has not attested the signatures of these persons as having been made before him, or in presence of witnesses, and the names of the sureties do not appear in the body of the bond, nor in the return of that officer. It is clear, then, as contended for by the appellants,
' that this instrument was not an authentic act, and that it was necessary to prove the signature of John Graham, which, he says, has not been done. R. C. Downes, the Probate Judge who tried this case, appears to have been sworn, as a witness, to prove a signature on the bond, but the name of the person, whose signature was intended to be proved by him, has been left out of his testimony, as it comes before us in the transcript. As the proof of Graham’s signature to the instrument sued on was a material fact to make out the plaintiff’s case, and we find the same Judge giving a judgment in his favor, we are satisfied, that the signature on the bond, which he was called upon to prove as a witness in the cause before him, was that of Graham, and that he proved it.
II. When the owner of property seized in execution becomes the purchaser on a credit of twelve months, he cannot be con *209 sidered as acquiring any new right or title by the adjudication. As to him, it is not, legally speaking, a sale, but merely a means. by which the creditor acquires additional security for his debt. If he is satisfied with such security, he is tinder no obligation of insisting on the Sheriff’s executing a conveyance to the judgment debtor of his own property, and stipulating a mortgage therein for the benefit of the sureties on the twelve-months bond. The latter, for their own protection, might have insisted on such a sale being passed and recorded. Not having done so themselves, they cannot urge the failure of the creditor to take a mortgage as a ground for their discharge. It would be otherwise if he had received a mortgage, and subsequently released it. Civ. Code, art. 3030. But even admitting, that the judgment creditor was bound to take this mortgage, or is responsible for the performance of a duty imposed by law on the Sheriff, and not on him, the sureties in the present case cannot complain, as they have not suffered from the omission. On their failure to pay the bond at maturity, an execution issued upon it, and the proceeds of the sale which followed, were credited on the bond in the same manner as if a special mortgage had been retained on the property. It has not been shown, nor is it pretended, that any other mortgage has been recorded on the land during the year, and before the resale of it on the execution which issued on the twelve-months bond. ■ Had they paid the bond, and been subrogated to a special mortgage, in case one had been retained, they could have had nothing more than the right of taking out an execution on the bond, as the judgment creditor has done. Of this execution they have had the full benefit, and cannot complain. 9 La. 9, 98.
III. The twelve-months bond in this case having been given by Nevels, the defendant in the original execution, he could surely not have complained of any informalities in the sale, as the execution of the bond implies, on his part, a waiver of any objections which might have been made, if the property had been sold to another. His consent cured every irregularity. If he could not have set up this defence in a suit upon his bond, his sureties, in solido, cannot. Jones v. Frelsen and others, 9 Robinson, 185.
*210 IV. The transfer made to Chany Gatewood is vague ; makes no mention of the twelve-months bond, and describes the judg/ment itself very imperfectly ; but, whether doubt or uncertainty may exist as to the purport and meaning of this instrument from its face, they are removed by the testimony of the transferror, Milliken, taken by the defendant, under a commission. He declares, in substance, that he sold his judgment against Nevels to C. Gatewood, and that this sale was intended to embrace the twelve-months bond taken in the suit in which the judgment was rendered, and that he made this assignment in payment of a debt due by him to Gatewood. Our attention has been called by the defendant’s counsel to various circumstances disclosed by the record, with a view to cast suspicion on this assignment. Even should we consider it as having been a simulated one, when it was made, this could have no bearing on the present-suit. It is not pretended, that the estate of Graham has been deprived by this transfer of any defence which might have been set up against Milliken, were he the person suing upon this bond.

Judgment affirmed.

 This answer was not filed by the counsel who appeared for the defendant in the Supreme Court.